UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SAMANTHA MCDONALD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:21-cv-00931 |
| | ) Judge Trauger |
| MADISON FLATS and | ) |
| CRYSTAL SNYDER, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Samantha McDonald brings a discrimination complaint against defendants Madison Flats and Crystal Snyder. (Doc. No. 1.) In addition, the plaintiff submitted an application to proceed in forma pauperis. (Doc. No. 2.) Because the information provided by the plaintiff sufficiently indicates that she cannot pay the full civil filing fee in advance without "undue hardship," *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001), the application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a).

The court must review and dismiss any complaint filed in forma pauperis if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). The court applies the standard for Rule 12(b)(6) of the Federal Rules of Civil Procedure, *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010), by viewing the complaint in the light most favorable to the plaintiff and taking all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA,*

*LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The court then considers whether the factual allegations "plausibly suggest an entitlement to relief," *Williams*, 631 F.3d at 383 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept unwarranted factual inferences, *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007), or credit "legal conclusions masquerading as factual allegations." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

The court liberally construes the complaint as arising under the civil rights provisions of the Fair Housing Act ("FHA"), 42 U.S.C. § 3604, *et seq.*, a statute that "tracks and builds upon Title VII of the Civil Rights Act of 1964," *Hollis v. Chestnut Bend Homeowners Ass'n*, 760 F.3d 531, 541 (6th Cir. 2014), in order to "provide, within constitutional limitations, for fair housing throughout the United States." *Linkletter v. W. & S. Fin. Grp., Inc.*, 851 F.3d 632, 637 (6th Cir. 2017) (quoting 42 U.S.C. § 3601). The FHA permits "[a]n aggrieved person" to file a civil action to seek redress against discrimination in the rental or sale of housing. 42 U.S.C. § 3613(a)(1)(A); 42 U.S.C. § 3604(a). Recovery is not limited to "persons who are directly and immediately subjected to discrimination." *Hollis v. Chestnut Bend Homeowners Ass'n*, 760 F.3d 531, 544 (6th Cir. 2014) (quoting *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 231 (6th Cir. 2003). Rather, because "Congress intended standing under the FHA to extend to the 'full limits' of Article III of the United States Constitution . . . an FHA plaintiff need only allege a 'distinct and palpable injury' caused by a defendant's discriminatory actions. *Id*. (quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 372 (1982) (internal quotation marks omitted)); *see also* 42 U.S.C. § 3602(i)(1) (defining "aggrieved person" to include any person who "claims to have been injured by a discriminatory

housing practice"); *Miami Valley Fair Hous. Ctr., Inc. v. Connor Grp.*, 725 F.3d 571, 576 (6th Cir. 2013).

Under the FHA, it is unlawful for a housing provider to refuse to make a reasonable accommodation in rules, policies, practices or services, when the accommodation is necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling. 42 U.S.C. § 3604(f)(3)(B). A plaintiff must show that she: (1) suffers from a disability, (2) requested an accommodation necessary to afford her an equal opportunity to use and enjoy a dwelling, (3) the requested accommodation was reasonable, (4) the defendant housing provider refused to make the accommodation, and (5) the defendant knew or should have known of the disability at the time of the refusal. *Hollis*, 760 F.3d at 541; *Overlook Mut. Homes, Inc. v. Spencer*, 415 Fed. App'x 617, 621 (6th Cir. 2011) (service dog); *Grier v. Bryden Mgmt., LLC*, No. 2:17-cv-111, 2019 WL 1046083, at *4 (S.D. Ohio Mar. 5, 2019) (service dog). In addition, the FHA's anti-interference provision makes it unlawful for a housing provider to "coerce, intimidate, threaten, or interfere" with the exercise or enjoyment of rights protected under the FHA. 42 U.S.C. § 3617. A plaintiff must establish that she: (1) exercised or enjoyed a right guaranteed by the FHA; (2) the defendant's intentional conduct constituted coercion, intimidation, threat, or interference; and (3) a causal connection exists between exercise or enjoyment of the right and the defendant's conduct.[1] *Hood v. Midwest Sav. Bank*, 95 Fed. App'x 768, 779 (6th Cir. 2004); *Grier*, 2019 WL 1046083, at *6 (threat of eviction).

---

[1] Disabled plaintiffs alleging housing discrimination sometimes assert an additional claim under the Rehabilitation Act ("RA") if the defendants receive federal funding. *Grier*, 2019 WL 1046083, at *6 (quoting *Doherty v. So. College of Optometry*, 862 F.2d 570, 573 (6th Cir. 1988)). For several reasons, including that the complaint does not contain a clear allegation that the defendants receive federal funding, the court cannot conclude that the plaintiff intends to bring an RA claim.

The complaint alleges that the defendants engaged in discrimination by denying the plaintiff's request to accommodate a mixed-breed service dog used to care for two disabled family members, and that the defendants subsequently took retaliatory actions against the plaintiff. (Doc. No. 1 at 3-8.) More specifically, the complaint alleges that the plaintiff utilizes a service dog to care for two seriously ill family members in several important ways, including employing the service dog to alert the plaintiff when her mother – who has end-stage liver disease – becomes severely ill from high ammonia levels, or when her three-year-old daughter – who has a brain tumor – stops breathing and needs immediate intervention. (*Id.*) The complaint also alleges that the plaintiff is a single parent and asserts that the service dog is integral to her daughter's care. (*Id.*) The complaint alleges that the defendants refused permission for the service dog despite allowing similar mixed-breed dogs on the property. (*Id.*) Finally, the complaint alleges that the defendants began punitive eviction procedures after denying the request for accommodation and made misrepresentations about the plaintiff's financial condition. (*Id.*) The plaintiff alleges that the defendants' actions have made it more difficult for her to live and care for her family, interfered with her acceptance into a financial rent assistance program, and hurt her reputation. (*Id.*)

Based on these allegations, the plaintiff has plausibly alleged that she sought an accommodation for a service dog needed to fully enjoy the use of a rental dwelling, and that the defendants engaged in discrimination by arbitrarily denying the request. The plaintiff also plausibly alleges that the defendants acted to intimidate the plaintiff or interfere with the plaintiff's enjoyment of her rights. Finally, the plaintiff offers sufficient allegations, at this early stage, to support a plausible inference that the plaintiff has been personally harmed by the alleged discrimination and interference. *See Hollis*, 760 F.3d at 544-45 (holding pecuniary injuries borne

4

by parents in addition to direct discrimination against children was "all the FHA requires" for the parents to bring suit personally rather than as "next friends" of the children).

Accordingly, for purposes of initial review, the court concludes that the complaint states colorable claims against the defendants for discrimination and interference under the FHA. All other claims are **DISMISSED**. The court's determination that the complaint states colorable claims for purposes of this initial screening does not preclude the court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude the defendants from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

The court will direct the U.S. Marshals Service to serve the complaint on Madison Flats and Crystal Snyder at no cost to the plaintiff. However, in order for the U.S. Marshals Service to serve these defendants, the plaintiff must complete and return two forms: "Process Receipt and Return" (AO 285) and "Summons in a Civil Action" (AO 440). These forms are together referred to as a "service packet." The Clerk is **DIRECTED** to send the plaintiff two service packets. The plaintiff **MUST** complete one service packet for <u>each</u> of Madison Flats and Crystal Snyder, and return the two completed service packets to the Clerk's Office within **21 DAYS** of the date this order is entered on the docket. Upon return of the completed service packets, **PROCESS SHALL ISSUE**. The plaintiff is warned that failure to return the completed service packets within the required time period could jeopardize her prosecution of this action.

This action is **REFERRED** to the Magistrate Judge to oversee service of process, enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72 of the Federal Rules of Civil Procedure and the Local Rules of Court.

5

Case 3:21-cv-00931   Document 6   Filed 12/27/21   Page 5 of 6 PageID #: 25

Rule 26(a)(1) of the Federal Rules of Civil Procedure, regarding required initial discovery disclosures, shall not apply.

The plaintiff is cautioned that she must keep the court informed of her current address at all times. Noncompliance may result in dismissal of this action for failure to prosecute. *See* Fed. R. Civ. P. 41(b); Local Rule 41.01(b). Additional resources for pro se litigants, including forms, handbooks, and information sheets, are available on the court's website.[2]

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

---

[2] *See* https://www.tnmd.uscourts.gov/representing-yourself-federal-court.

6

Case 3:21-cv-00931   Document 6   Filed 12/27/21   Page 6 of 6 PageID #: 26