IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SAMANTHA MCDONALD )
)
v. ) NO. 3:21-0931
)
MADISON FLATS, et al., )

**TO: Honorable Aleta A. Trauger, District Judge**

**REPORT AND RECOMMENDATION**

By Order entered December 27, 2021 (Docket Entry No. 6), the Court referred this *pro se* and *in forma pauperis* case to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court.

On December 17, 2021, Plaintiff Samantha McDonald filed this *pro se* and *in forma pauperis* lawsuit against "Madison Flats" and Crystal Snyder. In her complaint, Plaintiff sets out allegations of discrimination and wrongdoing related to her housing in a rental apartment in Madison, Tennessee. Upon initial review, the Court found that Plaintiff stated colorable claims under the Fair Housing Act, 42 U.S.C.§ 3604, *et seq.*, and directed that process issue to two defendants upon Plaintiff's return to the Clerk's Office of completed service packets within 21 days of the Court's Order. (Docket Entry No. 6 at 5.)

Several weeks passed without completed service packets being returned. Because of Plaintiff's failure to return completed service packets as directed, the Court entered an Order on March 7, 2022, advising her that the action would be recommended for dismissal unless she

returned completed service packets within 21 days of the Order. *See* Docket Entry No. 7. No service packets were returned, and the docket reflects that the copy of the March 7, 2022 Order sent to Plaintiff at her address of record was returned as undeliverable with the notation "return to sender, attempted – not known, unable to forward." *See* Docket Entry No. 8. The docket also reflects that Plaintiff has had no contact with the Court since filing her lawsuit.

Rule 4(m) requires that the defendant be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by Plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Because the defendants have not been served with process within the time period set out in Rule 4(m), this action should be dismissed.

It is also well settled that federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). Plaintiff's failure to return completed service packets and her move to another residence without notifying the Court of her change of address indicates that she has lost interest in this lawsuit.

## RECOMMENDATION

For the reasons set out above, it is respectfully RECOMMENDED this action be DISMISSED WITHOUT PREJUDICE in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the

specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge